IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

80TEES.COM, INC.,                    )
            Plaintiff,               )
                                     )
      v.                             )   Civil Action No. 06-0709
                                     )
SIGMA MICRO CORPORATION,             )
            Defendant.               )

## MEMORANDUM and ORDER

Gary L. Lancaster,
District Judge.                                November /0 , 2006

This is an action in breach of contract. Plaintiff,
80sTees.com, alleges that defendant, Sigma Micro Corporation,
committed fraud by failing to deliver computer software in
accordance with a written contract between the parties.
Plaintiff seeks monetary damages arising from the failure of the
software, as well as punitive damages.

Defendant has filed a motion to dismiss or, in the
alternative, motion to transfer [doc. no. 4]. Defendant argues
that this case should be dismissed because this court does not
have personal jurisdiction over it, and because venue is improper
because the parties agreed to litigate their disputes in the
courts of Indiana. Finally, defendant argues that this case
should be dismissed for failure to state a claim because
plaintiff has attempted to convert a simple breach of contract
case into a tort claim. In the alternative, defendant argues
that, at least, this case should be transferred to the United

States District Court for the Southern District of Indiana, in accordance with the provisions of the choice of forum clause found in the contract.

Plaintiff contends that Sigma had extensive contacts with this forum, meeting the requirements for personal jurisdiction. Plaintiff also argues that case is not controlled by the forum selection clause found in the parties' contract because it is a fraud case, and not a breach of contract case.

For the reasons set forth below, the motion will be granted, in part. This case will be dismissed because venue is improper in this court.

I.    BACKGROUND

80sTees operates an Internet based apparel and accessory business. 80sTees contacted Sigma, a software licensing company, to discuss the availability of a computer program that would compile real time inventory, accounting, and demographic information for its business. The parties discussed, by phone and electronic mail, the type of computer software that 80sTees needed.

These discussions culminated in the execution of a Licensing Agreement, for a software package called "Controller+", and a Support Services and Maintenance Agreement, under which Sigma employees traveled to Pennsylvania on several occasions to

2

service the program. The software did not perform to 80sTees's satisfaction. 80sTees contends that Sigma never had the intent, nor the ability, to provide the software under the contract.

## II. DISCUSSION

### A. Personal Jurisdiction

Sigma has moved to dismiss this case on the ground that this court lacks personal jurisdiction over it. The parties acknowledge that the relevant inquiry in this case is whether we have specific jurisdiction over Sigma. "Specific jurisdiction is invoked when the cause of action arises from the defendant's forum related activities," such that the defendant "should reasonably anticipate being haled into court there." Helicopteros Nacionates de Colombia, S.A. v. Hall, 466 U.S. 408, 414 n.8 (1984); World-Wide Volkswagen Corp. v. Woodson, 444 U.S. 286, 297 (1980); North Penn Gas Co. v. Coming Natural Gas Corp., 897 F.2d 687, 690 (3d Cir. 1990); Dollar Sav. Bank v. First Sec. Bank of Utah, N.A., 746 F.2d 208, 211 (3d Cir. 1984).

Sigma contends that this court lacks such jurisdiction because the mere act of contracting with a resident of the forum does not subject one to personal jurisdiction there. While this statement of the law may be correct, as a general matter, it does not end the inquiry in this case. See e.g.

3

Grand Entertainment Group, Ltd. v. Star Media Sales, Inc., 988
F.2d 476, 482 (3d Cir. 1993) ("[A] contract alone does not
'automatically establish sufficient minimum contacts in the
other party's home forum.'"); Mellon Bank (East) PSFS, N.A. v.
DiVeronica Bros., Inc., 983 F.2d 551, 557 (3d Cir. 1993)
("Contracting with a resident of the forum state does not alone
justify the exercise of personal jurisdiction over a non-
resident defendant").

    In order to answer the jurisdiction question in this case,
we must look at the entirety of Sigma's relationship with
80sTees and determine whether Sigma had constitutionally
sufficient "minimum contacts" with Pennsylvania, and whether
exercising jurisdiction over Sigma would comport with
"traditional notions of fair play and substantial justice."
Burger King Corp. v. Rudzewicz, 471 U.S. 462 (1985);
International Shoe Co. v. State of Washington, 326 U.S. 310
(1945).  We answer both questions in the affirmative.

    Sigma conducted negotiations with 80sTees, located in
Pennsylvania, prior to signing the contracts.  Sigma sent the
contracts to 80sTees, in Pennsylvania, for signature.  Sigma
delivered the software to 80sTees in Pennsylvania.  Sigma
communicated extensively with 80sTees, located in Pennsylvania,
regarding the performance, or non-performance, of the software.

Sigma sent its employees to Pennsylvania to service 80sTees's software.

All of these activities indicate that Sigma had sufficient minimum contacts with Pennsylvania, and undertook purposeful actions directed toward a Pennsylvania company, in connection with this contract.  As a matter of jurisdiction, it is reasonable for Sigma to have anticipated being brought into court in Pennsylvania to resolve a dispute over this contract, and requiring Sigma to do so comports with traditional notions of fair play and substantial justice.

### B.    Forum Selection Clause

Although this court has personal jurisdiction over Sigma, we will nevertheless dismiss this action because venue is improper.  28 U.S.C.A. § 1406(a).  The License Agreement under which the Controller+ software was provided contains a forum selection clause, in favor of Indiana courts, as well as an integration clause.

As an initial matter, 80sTees cannot avoid the forum selection clause by claiming that this is not an action under the contract, but rather, a tort action.   The mere non-performance of a contract does not constitute a separate act of fraud, nor can a claim in contract be converted to one in tort simply by alleging that the breach was wantonly done or that

5

the contract was intentionally breached.  Miller Brewing Co. v. Best Beers of Bloomington, Inc., 608 N.E.2d 975, 981 (Ind. 1993); Epperly v. Johnson, 734 N.E.2d 1066, 1072 (Ind. App. 2000); Don Webster Co., Inc. v. Indiana Western Express, Inc., 186 F.Supp.2d 958, 962-63 (S.D. Ind. 2002); see also Glazer v. Chandler, 200 A.2d 416, 418 (Pa. 1964); PPG Industries, Inc. v. Sundstrand Corp., 681 F. Supp. 287, 289-91 (W.D. Pa. 1988). Regardless of how 80sTees has pled its complaint, this is a breach of contract action.  The contract at issue contains a forum selection clause.  If the clause is enforceable, then venue is improper in this court.

Forum selection clauses are presumed to be valid.  M/S Bremen v. Zapata Off-Shore Co., 407 U.S. 1, 15 (1972).  In order to avoid enforcement, 80sTees must show that: (1) the clause was obtained as a result of fraud, coercion, or overreaching; (2) enforcement would violate a strong public policy of the forum; or (3) enforcement would, in the particular circumstances of the case, result in litigation in a jurisdiction so seriously inconvenient as to deny the litigant its day in court.  Id. at 10.  80sTees has failed to provide such evidence.

80sTees's allegations that Sigma committed fraud by misleading it "into believing that its product could perform in ways that [Sigma] knew that it could not", do not invalidate

6

the forum selection clause. Rather, 80sTees must show that the forum selection clause itself was included in the contract as a result of fraud or coercion. 80sTees has never made such an allegation. In addition, there is no evidence that enforcement of the clause would violate Pennsylvania's public policy, or deprive 80sTees of its day in court. In fact, 80sTees acknowledges that the burdens as to witnesses, evidence, and trial are equal on the parties regardless of where this case proceeds.

Under the circumstances, the forum selection clause is enforceable. Venue is improper in this court. Therefore, the case will be dismissed, without prejudice to plaintiff's ability to re-file it in the appropriate court in Indiana.

### III. CONCLUSION

This case will be dismissed because venue is improper. The appropriate order follows.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

80TEES.COM, INC.,                )
          Plaintiff,             )
                                 )
     v.                          )        Civil Action No. 06-0709
                                 )
SIGMA MICRO CORPORATION,         )
          Defendant.             )

<u>ORDER</u>

Therefore, this _10th_ day of November, 2006, IT IS

HEREBY ORDERED that defendant's motion to dismiss or transfer

[doc. no. 4] is GRANTED, in part.  This case is dismissed on

the ground of improper venue, without prejudice to plaintiff's

ability to bring an action in an appropriate court in Indiana.

          The Clerk of Court is directed to mark this case

Closed.

BY THE COURT:

_____, J.

cc:  All Counsel of Record

8